**33 P.(2d) 908**

THRALL et al. v. GRANT COUNTY BOARD
OF EDUCATION et al.

No. 3899.

Supreme Court of New Mexico.

June 11, 1934.

Joseph W. Hodges, Dist. Atty., and C. C. Royall, both of Silver City, for appellants.

Wilson & Woodbury, of Silver City, for appellees.

WATSON, Chief Justice.

By the judgment appealed from, the county and school district authorities were enjoined from emitting bonds voted as obligations of consolidated school district No. 18 of Grant county, which district was held nonexistent. The last elected directors of the four districts embraced in the attempted consolidation were ordered to resume their duties. These results were arrived at in an equitable suit, with taxpayers as plaintiffs.

While the complaint alleged some irregularities or defects in the consolidation proceedings, they did not enter into the judgment, and we are not concerned with them. The sole ground on which the consolidated district was held nonexistent is that it embraces territory thirty-seven miles in length by eleven miles in width, contrary to the inhibition of the statute: "All districts shall be as nearly square as the topography will permit. Hereafter in no event shall any consolidation in ordinary rural districts be made which will make any side or boundary line thereof longer than ten miles and in the case of consolidated districts longer than twenty-five miles, nor shall the longest side or boundary line of any district, ordinary or consolidated, be greater in length than twice the length of the shortest side or boundary line." 1929 Comp. St. § 120-806.

Appellees expressly concede that their success depends upon this statute, and it alone. Hence we consider it first, varying the order of appellants' contentions.

■ Appellants suggest that the provision is so confused and uncertain that it should be disregarded, as incapable of interpretation. Imperfectly stated as it is, however, we cannot doubt the intent to limit the length of a consolidated district to twenty-five miles and to twice its width, according to the shortest boundary. The trial judge did not err in so holding.

■ Appellants contend that the provision is directory. They cite a few cases so holding with respect to restrictions as to size. They admit, however, that these are a minority.

The provision (since amended) could not be more mandatory in expression. It positively prohibits "in any event." That is to say, that no event or circumstances can excuse compliance or admit of the exercise of discretion. It is as if the Legislature had said: "These limitations are mandatory." We cannot consider them directory without nullifying "in any event." We hold here with appellees.

■ The serious question arises on the contention of appellants that the complaint is an unallowable collateral attack upon corporate existence. They invoke the doctrine, well established here, that quo warranto is the sole remedy for such purpose.

■■ Appellees oppose to this several contentions of their own, only one of which need be noticed, as we find it decisive. It is that:

"Rural school districts in New Mexico, whether ordinary or consolidated, are not municipal corporations in any sense, either public quasi or otherwise."

Appellees do not question the authorities relied on by appellants to the point that a school district is to be classified generally as a quasi municipal corporation. They admit that the New Mexico rural school district, as it formerly existed, should be so denominated. Their contention is that recent statutory changes have deprived it of that status.

Prior to 1917 the rural school district, within its limited sphere, possessed a considerable degree of autonomy. It was a body corporate, empowered to sue and be sued, to contract and to hold property required for school purposes. Code 1915, § 4844. Its board, having all the powers and privileges of a board of education (Id. § 4873), possessed "the usual powers of a corporation for public purposes." Id. § 4878.

In 1917 there commenced a process of centralization, completed in 1923 by adoption of the School Code. Laws 1917, c. 105, Laws 1923, c. 148. The new and present state policy leaves little of the old self-governing, self-supporting district. The more important matters formerly under the control of the district itself and of its governing board are now in the hands of the county board of education. The latter has been endowed with corporate powers. 1929 Comp. St. § 120-801. At the same time the local boards have lost theirs. Their power to hold title to property was amended away (Laws 1917, c. 105, § 14), when the title to district property was vested in the county board. Id. § 6. They lost their power to contract, to sue and be sued, and their express recognition as a corporation with the repeal of Laws 1917, c. 105, by Laws 1923, c. 148, § 1431.

It is perhaps true that corporate status and power may be implied from the extent and nature of duties imposed and functions delegated. But here we have a case of such status and powers once conferred expressly and thereafter withdrawn; and so withdrawn at the very time of greatly diminishing the duties and functions of the local board, conferring them elsewhere, and of terminating the former self-governing, self-supporting status of the district. It is a natural inference that the Legislature considered that rural school districts, so greatly reduced in importance, owning no property, making no contracts, with little occasion thereafter to sue or to be sued, no longer required corporate capacity or status.

Of course, the present rural school district is more of an entity than the mere judicial or legislative district. It has, and still elects, its own "board of school directors." That board calls, holds, and canvasses the results of the annual elections. But to hold elections to elect directors merely to call and hold another election would be farcical. What other functions have the directors? So far as noticed, they are embraced in this provision: "The county board of education may constitute any board of school directors its agent to execute any ministerial duties, including repair to and maintenance of school buildings, grounds and equipment and the pur-

chase of fuel and school supplies. Such county boards shall call upon the boards of school directors to nominate (to) teachers and school employees to be employed in their several districts, and to submit recommendations as to budget requirements." 1929 Comp. St. § 120-809.

In addition to electing directors, the people of the district possess, in their organized capacity, the single power to incur or refuse to incur a bonded indebtedness.

This consideration of the status of the rural school district is quite persuasive of the view urged by appellees that it is a mere territorial subdivision of the county or of the state, subsisting as a convenience in the administration of educational affairs, and lacking every characteristic of a corporation.

The result to which this brings us is perhaps unfortunate, in view of the amendment of section 120-806, supra (Laws 1933, c. 133), under which this very district could now be created, if the county board deemed it necessary and convenient, as it no doubt deemed it at the time. We are not here exercising original jurisdiction, however, and the amendment has no place in our present consideration.

Being unable to agree with appellants, either that the statute was directory, or that the taxpayers' suit was a collateral attack upon a de facto corporation, we are constrained to affirm the judgment and to remand the cause. It is so ordered.

SADLER, HUDSPETH, BICKLEY, and ZINN, JJ., concur.