260 P.2d 913

**WOOLLETT v. WOOLLETT.**

No. 5629.

Supreme Court of New Mexico.

Sept. 4, 1953.

W. T. O'Sullivan, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Mims & Akin, Albuquerque, for appellee.

COMPTON, Justice.

Appellee instituted this action for a divorce on the ground of incompatibility, for child custody, support money and for a settlement of property rights. Appellant denied the existence of a state of incompatibility and as special defense charged that appellee, prior to the institution of the action, left the State of New Mexico, taking the children with her, and established her domicile in the State of Florida; that by reason thereof, the court is without jurisdiction for all purposes.

The trial court found in favor of appellee, granted her a divorce, and awarded the custody of the children to her, subject to reasonable visitation. Provision for support money and attorney fees was also made. Complaining of error, appellant appeals.

The sufficiency of the evidence to sustain the court's finding as to incompatibility is challenged; hence, a review of all the evidence becomes necessary. Appellant contends the evidence falls short in this respect. Nevertheless, he concedes the proof would support a finding of cruel and inhuman treatment. The parties were married in 1933, to whom were born several children, ranging in age from 6 to 17 years. Prior to the separation, the parties were

living in Corrales. On the evening of February 3, 1952, appellant, for some unknown reason, became violently enraged. While standing in the doorway of their home, he began violently to throw logs into the fireplace. He stated he was going to smash everything and thought he would start with appellee. She sought to evade him by going from the front room into the kitchen. He followed, choked her and poured the contents of a bottle of beer over her head. He then demanded she get more beer; instead, she ran to and entered an automobile with intention to escape. He blocked her efforts and insisted she get out of the automobile. She refused and as he was about to smash the car window with a brick, she ran to the home of a neighbor where she spent the night. The following morning she observed him taking the children to school. Shortly thereafter, she followed them, gathered the children and left for Florida to be near her father who was vacationing there. In route, at Tucumcari, she wrote appellant a letter giving her reasons for leaving with the children and under what conditions she would return. Previously, in October 1951, appellant came home around 2:30 A.M.; he came to appellee's bed and insisted she get up and go to the living room and talk to him. She was half asleep and responding slowly to his demand, he held her arms against the edge of the bed and pounded them, saying "I'll break your ——— ——— arms". Un-

questionably, this uncontradicted evidence would warrant a finding of cruel and inhuman treatment.

But the issue of incompatibility is not limited to the foregoing evidence. As a conjugal partner, appellant was the source of constant friction and discord. For several years he was unable to hold steady employment. He charged this failure to appellee because she would not entertain his employers at dinners, etc. He had delusions of illness and malnutrition. He was erratic and abusive. The continuity of these acts caused her to conclude perhaps he needed medical attention. On two occasions, in her presence, he threatened suicide. Consequently, appellee lived in a state of fear for herself and the children. When she would insist that he consult a medical specialist, he would refuse her importunities, claiming nothing was wrong with him. In the letter written from Tucumcari, she advised him that she could not continue to live with him under such conditions; however, she advised him that she would do so if he would accept the treatment of a specialist but he again refused to comply with her suggestion. As we view the evidence the finding of incompatibility is strongly supported. Bassett v. Bassett, 56 N.M. 739, 250 P.2d 487; Poteet v. Poteet, 45 N.M. 214, 114 P.2d 91.

■ It is argued that the court is without jurisdiction because appellee and

children were no longer domiciled in New Mexico. Of course, jurisdiction to entertain the subject matter rests upon domicile, nevertheless, appellee did not change her domicile by merely removing to a new dwelling-place without an intention to make the new dwelling-place her home. Restatement of the Law, Conflict of Laws, § 18. She testified that she took the children with her to her father for protection and to seek his advice; that she never intended to change her domicile to Florida or elsewhere. Previously, the parties had vacationed in the East for several years and she testified that it was her intention to bring the children back to New Mexico when the vacation period was over. Noticeably, this is what she did. That the children were physically outside the State did not limit the power of the court to make the award of their custody since they too were domiciled in the State. See Annotation, 9 A.L.R.2d 442, where the cases are collected. The trial court resolved the question of jurisdiction against appellant. The evidence in this regard is substantial and its finding should not be disturbed.

■ Assigned as error is the action of the trial court in requiring appellant to pay attorney fees, and support money for appellee and their minor children. This question requires but little discussion. Appellant admits he is able-bodied and is the owner, with his mother in joint tenancy, of substantial income property. He also has a substantial income from farming operations. In the exercise of its discretion, the court concluded that under the circumstances, he was under a duty to discharge this obligation. We find no abuse of discretion.

■ It is finally asserted the court erred in determining the character of the property of the parties. The court found that the parties are the owners of "community and marital" property. From our examination of the record, it appears that the parties have acquired some community property. They are also the owners of property in joint tenancy. Appellant contends the finding of the court is, in effect, a holding that all the property of the parties is community property. We do not so appraise the finding and appellee makes no such claim. Possibly, the appellation given by the court in designating the character of the property is a misnomer; nevertheless, the question of property rights were left open for future determination. Pending such determination, appellant is in no position to complain.

■ Aside from the above consideration, a fee, in addition to the amount allowed by the trial court, is claimed by appellee for her attorney in representing her on appeal. The wife is entitled to sufficient suit money for an efficient preparation and presentation of her case, and an

allowance of $250 to appellee as attorney fees on appeal, is warranted; the same to be taxed as costs against the appellant.

The judgment will be affirmed, and it is so ordered.

McGHEE, LUJAN and SEYMOUR, JJ., concur.

SADLER, C. J., absent from state and not participating.