422 P.2d 38

**William DAVEY, Plaintiff-Appellee
and Cross-Appellant,**

**v.**

**Sigrid Hedin Lamont DAVEY, Defendant-
Appellant and Cross-Appellee.**

No. 7995.

Supreme Court of New Mexico.

Jan. 3, 1967.

**304**

Rodey, Dickason, Sloan, Akin & Robb, Joseph J. Mullins, Albuquerque, for appellant.

Merritt W. Oldaker, Roy F. Miller, Jr., William H. Oldaker, Albuquerque, for appellee.

## OPINION

WALDO SPIESS, Judge, Court of Appeals.

This is an appeal from a judgment awarding the husband, appellee here and plaintiff in the court below, an absolute divorce from appellant on the ground of incompatibility. The appellee likewise appeals from the judgment insofar only as it awards appellant the sum of $5,500.00. The action was instituted June 1, 1964, in Valencia County, New Mexico.

The parties were married September 26, 1963, and resided together until April, 1964, when they separated. At the time of and prior to the marriage, appellant had resided in New York City, New York, and appellee was a resident of New Mexico and resided in San Miguel County.

Immediately following the marriage the parties returned to New York where, except for two trips made by appellee to New Mexico, they remained until the latter part of December, 1963, at which time they went to California. The purpose of the California trip was to recondition a house which had been purchased by appellee's mother. Following the separation appellant remained in California and appellee returned to New Mexico and instituted this divorce proceeding.

The first response filed by appellant to the complaint after service of process was a motion to dismiss for lack of jurisdiction and improper venue. A hearing was had upon the motion and following the introduction of evidence the trial

court made findings of fact and conclusions of law, ruling against appellant's challenge to jurisdiction and her objection to venue. An answer and counterclaim were thereafter filed by appellant. In both she incorporated the objections to jurisdiction and venue which she had theretofore raised by motion. Four points are relied upon by appellant for reversal. It is first contended that the trial court erred in holding that venue was properly laid in Valencia County. Venue is fixed in a proceeding of the kind involved by § 22–7–3, N.M. S.A. 1953, as follows:

"Any suit for the dissolution of the bonds of matrimony, division of property, disposition of children, or alimony, as provided for in this chapter [22–7–1 to 22–7–6, 22–7–22], may be instituted in the county where either of the parties resides, or where the property, or some part thereof, affected, or sought to be affected thereby, is located or situated. In such suit, the court shall have jurisdiction of all said property, wherever located or situated in said state."

Neither of the parties to the proceedings resided in Valencia County at the time suit was filed. The complaint alleges that appellee owns certain property in Valencia County which might be affected by action of the court in the cause. Appellee further stated in his complaint that he was the owner of certain separate property consisting of an automobile, personal effects and a savings account in a bank located in Valencia County.

The deposit was made by appellee a short time before the complaint was filed. The parties and the trial court have treated the deposit as property located in Valencia County and we shall so consider it without deciding it to be correct as a matter of law.

Appellant asserts in substance that the date the deposit was made and the amount of the deposit considered together establish that the sole purpose which appellee sought to accomplish was to set up a venue for the proceeding and under such circumstances the filing of the proceedings in Valencia County was not authorized.

In view of the language of the statute, § 22–7–3, supra, it cannot be said as a matter of law that venue is improperly laid in a county because the property located in such county was acquired a short time before the proceedings were commenced or because of the limited value of such property. Whether the bank deposit was made in good faith or for the sole purpose of establishing venue presented a question of fact, which was resolved by the trial court in appellee's favor, upon evidence which we consider substantial and the finding consequently will not be disturbed.

Venue is generally determined from the complaint and character of the judgment

which may be rendered thereon. Santa Cruz Ranch v. Superior Court, 76 Ariz. 19, 258 P.2d 413 (1953); Hubbard v. Mt. Raymond Mining Co., 33 Cal.App.2d 474, 92 P.2d 411, (Sup.Ct.Cal.), 93 P.2d 95 (1939); Rice v. Schubert, 101 Cal.App.2d 638, 226 P.2d 50 (1951). The complaint submitted an issue for decision by the court involving ownership of the bank account either in whole or in part as between the parties to the proceedings. A judgment determining such ownership was within the scope of the proceedings.

Appellant also asserts that the bank deposit was made by appellee acting as an agent for his mother, and consequently was not "property affected or sought to be affected" by the complaint. Appellee did testify that he was acting for his mother in undertaking the purchase of a ranch in Valencia County. He further testified, however, that the money so deposited was his property, which fact he alleged in his complaint and was found by the trial court.

■ Appellant further argues that the legislature, in authorizing venue in a county where affected property is located, meant substantial property and that if the statute [§ 22–7–3, supra,] be so construed, then the deposit would not meet the statutory requirement as the basis for fixing venue. In our opinion the language of the statute is clear and unambiguous. It authorizes the filing of suit in the county where the property or some part thereof affected or sought to be affected by the proceedings is located. There is nothing in its language which indicates that venue is to be dependent upon the extent or value of the affected property.

If the legislature had so intended it could have used appropriate language to express such intent. It is significant that the Act contains no such language but expressly permits an action to be brought in a county where *some part* of the affected property is located, which, in our opinion, indicates that the legislature did not intend that extent or value of affected property be a factor in fixing venue.

■ It is fundamental that we cannot read language into a statute otherwise of clear meaning and import. Griffith v. Humble, 46 N.M. 113, 122 P.2d 134 (1942); Burch v. Foy, 62 N.M. 219, 308 P.2d 199, (1957).

We affirm the trial court's conclusion that venue was properly laid in Valencia County.

■ Appellant's point II is that it was error for the trial court, over her objection to try the cause in Bernalillo County. The suit having been brought in Valencia County the place for its trial was likewise Valencia County. Peisker v. Chavez, 46 N.M. 159, 123 P.2d 726 (1942). A trial elsewhere over objection and in

the absence of waiver would constitute error.

Appellee recognizes that appellant had the right to have the trial in Valencia County but contends that it was waived by her conduct and failure to seasonably assert it.

As stated, appellant's first response to the complaint was a motion to dismiss for lack of jurisdiction and improper venue filed July 6, 1964. Thereafter, on July 16, 1964, pursuant to notice given by appellant she took the deposition of appellee in Bernalillo County. On August 3rd, 1964, appellant was given notice that her motion to dismiss was set for trial August 19, 1964, in Bernalillo County. The hearing having been postponed appellant was again given notice that the motion was set for trial August 28, 1964, in Bernalillo County.

On August 28, 1964, the motion was heard in Bernalillo County without objection as to the location of the hearing. On November 3rd, 1964, appellant was given notice that the case was set for trial upon the merits November 19, 1964, at 1:30 P.M., in Bernalillo County.

On November 6, 1964, by written motion, appellant requested the trial court to change the trial date to one which would allow a full day for hearing.

On the same date, November 6, 1964, appellant gave notice to appellee that her motion requesting a change of the trial date would be heard in Bernalillo County on November 10, 1964, and at the same time and place hearing would be had upon her counterclaim for support during pendency of the suit, reimbursement of support during the period which appellee had failed to provide such support, also for an order requiring advancement of costs and expenses of the suit.

Appellant's motions were heard on November 10, 1964, in Bernalillo County in accordance with her notice. Appellant at no time prior to the date and time the cause was set for trial objected to its being held in Bernalillo County. Her participation in the hearings in the cause in Bernalillo County without objection together with her action in setting motions filed by her for hearing in Bernalillo County led opposing counsel and the court to believe that she had no objection to trial in Bernalillo County. No reason was given why appellant did not promptly after receiving notice of hearing on the merits insist that the trial be held in Valencia County. No prejudice being shown and in view of these circumstances we hold that appellant waived her right to insist upon the trial being held in Valencia County. Bernstein v. Bernstein, 73 N.M. 365, 388 P.2d 187 (1964); Heron v. Gaylor, 53 N.M. 44, 201 P.2d 366 (1948).

It is next contended by appellant that the trial court erred in finding that

appellee was a resident of New Mexico in good faith for the year next preceding the filing of the complaint. The statute under which the action was brought, § 22–7–4, N.M.S.A., 1953, provides: "The plaintiff in action for the dissolution of the bonds of matrimony must have been an actual resident, in good faith, of the state for one (1) year next preceding the filing of his or her complaint * * *"

The residence requirement specified by the statute, although jurisdictional, presents a question of fact for determination by the trial court. The trial court here made an affirmative finding of the jurisdictional fact of residence upon evidence which we consider substantial and consequently the finding will not be overturned. Woollett v. Woollett, 57 N.M. 550, 260 P. 2d 913.

■ Appellant finally contends that the trial court committed reversible error in denying her the right to make an offer of proof following the exclusion of certain testimony. The basis for the objection occurred as counsel for appellant was cross-examining appellee. Appellee was asked to give an accounting of his travels after May 16, 1964. To this question an objection was made and sustained by the trial court. Appellant's counsel then said: "May I offer a tender of proof as to his travels since April 14th?" The trial court refused to permit the offer.

Appellant makes the following argument in support of her claimed error: "We submit that the refusal to allow Mrs. Davey to make an offer of proof was erroneous since denial severely limited the right of Mrs. Davey to preserve error for the record."

There is no merit, in our opinion, to this contention for the reason that an offer of proof is not necessary for preservation of error in the exclusion of testimony sought to be elicited on cross-examination of an adverse witness. State v. Martino, 27 N.M. 1, 192 P. 507, 509 (1920); Alford v. United States, 282 U.S. 687, 692, 51 S.Ct. 218, 75 L.Ed. 624 (1931); Stevens v. William S. Howe Co., 275 Mass. 398, 176 N.E. 208, 210 (1931); Uhlman v. Farm Stock & Home Co., 126 Minn. 239, 148 N.W. 102 (1914); Tossman v. Newman, 37 Cal.2d 522, 233 P.2d 1, 3 (1951).

Whether the trial court erred in sustaining the objection to appellant's question on cross-examination of appellee in reference to his travels is not submitted, error is predicated only upon the refusal of the trial court to permit a proffer of proof.

■ By cross-appeal appellee questions that portion of the judgment awarding appellant the sum of $5,500.00. The pertinent portion of the judgment is as follows:

"That defendant shall have of and recover from plaintiff the sum of $5,500.-

00, which sum is intended to cover the unpaid community debts as testified to by plaintiff and defendant at trial, together with her costs in the sum of $249.22 and the sum of $1,560.00 on account of her attorney's fees herein, which sum is reasonable."

Appellee says that the amount of the award is erroneous for the reason that the court found the community indebtedness to be approximately $4,000.00. The finding is as follows:

"That at the time of trial there were due and unpaid community debts in the approximate sum of $4,000.00, including the balance due to Cartier, Inc., on the emerald ring of defendant, and which debts were in part expended for or on account of the minor son of defendant."

The difficulty with appellee's argument apparently arises from a misunderstanding of the trial court's judgment. In our opinion, the judgment awarded a *total* of $5,500.00, which sum was not limited to community indebtedness but was intended to represent the total of community debts in the *approximate* amount of $4,000.00 plus costs and attorney's fees.

Finding no error the judgment of the trial court is affirmed.

It is so ordered.

CHAVEZ, C. J., and COMPTON, J., concur.