453 P.2d 583

**STATE of New Mexico ex rel. Jose I. BARELA et al., Plaintiffs-Appellants,**

v.

**NEW MEXICO STATE BOARD OF EDUCATION et al., Defendants-Appellees.**

No. 8764.

Supreme Court of New Mexico.

March 31, 1969.

Rehearing Denied April 28, 1969.

Ruben Rodriguez, Arthur H. Coleman, Santa Fe, for appellants.

E. P. Ripley, Santa Fe, Chavez & Cowper, Belen, for appellees.

James A. Maloney, Atty. Gen., Gary O. O'Dowd, Deputy Atty. Gen., Santa Fe, on rehearing for appellees.

## OPINION

MOISE, Justice.

Appellants state the issue presented in the appeal to be whether the purported consolidation between Belen Municipal School District No. 2, hereinafter referred to as "Belen District" and the La Joya Rural Independent School District No. 5, hereinafter referred to as "La Joya District" is valid.

Three attacks are made on the consolidation, viz., (1) a consolidation between districts entirely situated in different counties is not authorized by law; (2) the requirements of § 73-7-83, N.M.S.A. 1953 (repealed, ch. 16, § 301, N.M.S.L. 1967), were not met; and (3) since the consolidated district is governed by the Belen District which is in the Second Judicial District, whereas the La Joya District is in the Seventh Judicial District, residents of the La Joya District cannot participate in the election of the member of the State Board of Education in whose district Belen is located, and the attempted consolidation is therefore unconstitutional. See Art. XII, § 6, N.M. Const.

The petitioners, owners of property in the La Joya District in Socorro County, on December 21, 1966, filed this action wherein the members of the State Board of Education, the Belen Municipal School District No. 2 Board of Education, the La Joya Rural Independent School District Board No. 5 Board of Education, and the State Superintendent of Public Instruction, were named as respondents, seeking an order mandamusing them to dissolve the consolidation and provide for education of the La Joya children in the La Joya schools. The consolidation had been instituted by resolution of the La Joya Board on May 15, 1965, followed by a resolution of the Belen Board on June 14, 1965. Thereafter, the State Board of Education, on July 30, 1965, ordered consolidation effective July 1, 1966. From a judgment denying the relief sought and dismissing the action, this appeal has been perfected.

Under their first point, appellants argue that § 73-20-3, N.M.S.A.1953 (repealed, ch. 16, § 301, N.M.S.L.1967), did not provide for inter-county consolidation, and accordingly the attempted action is a nullity. The section read:

"Whenever any county board of education shall determine by resolution that substantial economies can be effected and standards of education improved by the consolidation of any two or more rural school districts within the county and shall furnish a copy of such resolution to the state board of education the state board of education may order the consolidation of such districts; and pursuant to such resolution, when the state board of education shall determine and make definite findings at the conclusion of any survey made under the provisions of this act (73-20-1 to 73-20-4) that substantial economies can be effected and the educational standards raised by the consolidation of any two or more school districts, said board may order the consolidation of such districts.

"The state board of education may order the consolidation of all classes of school districts pursuant to this Act, including rural, rural independent, municipal, union high school, and prior consolidated districts, or any combination thereof upon the resolution of each of the

governing boards, affected by such consolidation."

It is noted that the first paragraph of the section was adopted in 1941 (ch. 123, § 3, N.M.S.L.1941), and the last paragraph was added in 1955 (ch. 74, § 1, N.M.S.L. 1955). Appellees concede that they proceeded under this section and, further, that prior to the 1955 amendment such a consolidation as this was not authorized by law because of the language limiting the section's operation to "two or more rural school districts within the county." They argue, however, that when in 1955 the second paragraph was added, stating that not only "rural" school districts but "rural independent, municipal, union high school, and prior consolidated districts, or any combination thereof" could be consolidated under the act, a change was effected which not only permitted consolidation of the various types of districts, but effectively eliminated the words "within the county" as well.

Appellees point to our holdings to the effect that where a statute is plain, meaningful and unambiguous, there is no room for construction, Montoya v. McManus, 68 N. M. 381, 362 P.2d 771 (1961); Schoonover v. Caudill, 65 N.M. 335, 337 P.2d 402; Giomi v. Chase, 47 N.M. 22, 132 P.2d 715 (1942), and contend the instant statute is not ambiguous and comes within this rule. The correctness of this position is not entirely apparent. Not only did the legislature fail to specifically state that the second paragraph was to cover the enumerated types of districts if located in two or more counties, it reenacted the first paragraph with the limiting words "within the county." It takes a certain amount of interpretation to conclude that when within a single section of a statute reference is made in one paragraph to "rural school districts" and in another to numerous other kinds of districts, the provisions of the second paragraph should control and the act be held applicable as provided therein. However, when the first paragraph limits the application to "rural school districts

within the county" and the second paragraph contains nothing to indicate an intention to change this provision beyond making the act applicable to "all classes of school districts," with no suggestion whatever that it apply to these various classes even though not "within the county," our problem becomes more difficult. In addition, we take note that § 73–20–3, supra, by its terms, applies "whenever any county board of education" makes a determination. Action by the boards of education in two counties, such as would be necessary to set in motion a consolidation that involved districts in two counties is not mentioned, much less action by a municipal school board in one county and a rural independent school district board in another, as was attempted here.

■■ It is with no small amount of regret that we find ourselves forced to a conclusion that the added paragraph of § 73–20–3, supra, does not alter the original paragraph so as to accomplish the interpretation sought. We are not permitted to read into a statute language which is not there, particularly if it makes sense as written. Compare Sunset Package Store, Inc. v. City of Carlsbad, 79 N.M. 260, 442 P.2d 572 (1968); Davey v. Davey, 77 N. M. 303, 422 P.2d 38 (1967).

As stated above, there may be some ambiguity concerning the types of districts covered by the section but, insofar as the question of location in one county as opposed to several counties, the statute seems clear. If the legislature had intended that it cover districts in more than one county, appropriate language was at hand to express such intent. As a matter of fact in § 73–20–5, N.M.S.A. (since repealed by ch. 16, § 301, N.M.S.L.1967), provision was made for consolidations of rural school districts in two or more counties. However, as already noted, respondents did not proceed thereunder, but rather as provided in § 73–20–3, supra.

We stated above that we reached our conclusion regretfully. Our feelings in this regard result from a recognition that,

as argued by appellees, for quite a number of years prior to 1965 when the instant consolidation was attempted, there has been a clear legislative policy to encourage and foster consolidations. Chapter 30, N.M.S.L.1965 (§§ 73–20–7 and 73–20–8, N.M.S.A.1953), providing for reorganization of county school districts by combining them with adjacent municipal districts or creating independent school districts, was the culmination of this purpose and trend. Notwithstanding our recognition and appreciation of the broad legislative plan, we do not perceive that we can read this section of the law to permit something that without question is not provided for by its terms.

■ Having concluded that the applicable procedure for consolidation was not complied with, it necessarily must follow that a valid consolidation was not effected. Having so determined, we do not deem it necessary or proper that we discuss or determine the additional questions presented on this appeal. The cause is reversed and remanded to the district court to proceed in a manner consistent herewith.

■ Our attention has been directed to the fact that untold confusion and uncertainty would necessarily follow the conclusion here announced because of the fact that the schools are now operating as if consolidated, and to require them to be separated immediately would have most undesirable results. We are impressed that this is true and, accordingly, on the precedent of State ex rel. Castillo Corporation v. New Mexico State Tax Commission, 79 N.M. 357, 443 P.2d 850 (1968), we direct that the order to be entered by the district court pursuant to the mandate to be issued herein shall be made effective July 1, 1969, provided that in the interim a consolidation in conformity with law has not been effectuated.

It is so ordered.

CARMODY and TACKETT, JJ., concur.

## OPINION ON REHEARING

PER CURIAM.

Appellee, State Board of Education, has filed a motion for rehearing in which it raises three points. We have given full consideration to the arguments advanced and conclude that none has merit, but since all are raised now for the first time, we are moved to discuss them briefly.

■ In Point I, it is asserted that a validating statute passed by the legislature in 1967 (ch. 16, § 296, N.M.S.L.1967) had the effect of making this cause moot. This cannot possibly be true in the light of art. IV, § 34, N.M.Const. which states that "[n]o act of the legislature shall affect the right or remedy of either party * * * in any pending case." This action had been commenced before ch. 16, N.M.S.L. 1967, became effective, and there can be no question that the legislation could in no way alter rights as they existed when the action was commenced. Thrall v. Grant County Board of Education, 38 N.M. 358, 33 P.2d 908 (1934). See also dissent in Bradbury & Stamm Const. Co. v. Bureau of Revenue, 70 N.M. 226, 240, 372 P.2d 808 (1962). The cases relied on by appellee in support of their position arose in states not having a constitutional provision such as ours.

■ In a second point, it is argued that the plaintiffs-appellants had no standing to sue, under the doctrine of Asplund v. Hannett, 31 N.M. 641, 249 P. 1074, 58 A.L.R. 573 (1926), and although not raised earlier, absent such standing, no cause of action was stated. We have held that failure to state a cause of action by virtue of an absence of standing to sue can be raised at any time. Valdez v. City of Las Vegas, 68 N.M. 304, 361 P.2d 613 (1961). While we give full recognition to the rule, we are impressed that the doctrine of Asplund v. Hannett, supra, does not require a holding that plaintiffs were without standing. Rather, it is our view that our holding in Thrall v. Grant County Board of Education, supra, and in Harriett v. Lusk, 63 N.M. 383, 387, 320 P.2d 738 (1958), dic-

tate a holding recognizing the right in appellants to bring the action. Compare what is said in State ex rel. Castillo Corp. v. New Mexico State Tax Commission, 79 N.M. 357, 443 P.2d 850 (1968). It follows that a cause of action was stated.

We see no possible merit in Point III. It is argued that because our holding will necessarily cause major problems of financing in the school districts affected, the Chief of the Public School Finance Division of the Department of Finance and Administration, whose duty it is to handle such matters, was an indispensable party. That this is not true would seem to be evident from the fact that the statutes do not require that he be made a party to the acts which result in consolidation. We do not doubt that as a result of the decision, many difficult problems will arise for a considerable number of public officials including the Chief of the Public School Finance Division. This does not mean he was a necessary or indispensable party. No in personam judgment was entered affecting him either personally or in his office.

Rehearing should be denied. It is so ordered.