This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: August 24, 2023**

**No. S-1-SC-39132**

**STATE OF NEW MEXICO,**

      Plaintiff-Respondent,

v.

**ANTHONY MARTINEZ,**

      Defendant-Petitioner.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Brett R. Loveless, District Judge**

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Petitioner

Hector H. Balderas, Attorney General
Emily C. Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Respondent

### DISPOSITIONAL ORDER OF AFFIRMANCE

**PER CURIAM.**

**{1}** WHEREAS, this matter came on for consideration by the Court upon grant of Defendant Anthony Martinez's petition for writ of certiorari to review whether the district court properly dismissed Defendant's battery upon a peace officer charge and whether the Court of Appeals erred by failing to consider scienter as an element of battery upon a peace officer warranting dismissal under the right for any reason doctrine;

**{2}** WHEREAS, the Court having considered the briefs and being otherwise fully informed on the issues and applicable law;

**{3}** WHEREAS, the district court relied upon *State v. Montaño*, 2020-NMSC-009, 468 P.3d 838, in reaching its determination that Deputy Mauricio was not, as a matter of law, engaged in the lawful discharge of his duties when he restrained Defendant because Deputy Mauricio was not in uniform or driving an appropriately marked law enforcement vehicle;

**{4}** WHEREAS, in *Montaño*, this Court did not address the charge of battery upon a peace officer, instead defining and applying "uniformed law enforcement officer" and "appropriately marked law enforcement vehicle," statutory elements of aggravated fleeing from a law enforcement officer. *See* 2020-NMSC-009, ¶¶ 1, 13; NMSA 1978, § 30-22-1.1(A) (2003) (criminalizing fleeing "after being given a . . . signal, by *a uniformed law enforcement officer* in an *appropriately marked law enforcement vehicle*" (emphasis added));

**{5}** WHEREAS, the charge of battery upon a peace officer, by contrast, does not contain such elements. NMSA 1978, § 30-22-24 (1971) ("Battery upon a peace officer is the unlawful, intentional touching or application of force to the person of a peace officer while he is in the lawful discharge of his duties, when done in a rude, insolent or angry manner.");

**{6}** WHEREAS, the district court improperly relied upon *Montaño* for a proposition *Montaño* did not consider and by applying *Montaño* to this case, effectively read requirements into the battery upon a peace officer statute that do not exist. *See Dominguez v. State*, 2015-NMSC-014, ¶ 16, 348 P.3d 183 ("The general rule is that cases are not authority for propositions not considered." (alteration omitted)); *State ex rel. Barela v. N. M. State Bd. of Educ.*, 1969-NMSC-038, ¶ 7, 80 N.M. 220, 453 P.2d 583 ("We are not permitted to read into a statute language which is not there.");

**{7}** WHEREAS, we decline to address Defendant's scienter argument under the right for any reason doctrine because it would be fundamentally unfair to dismiss the State's claim when Defendant's motion to dismiss at the district court relied solely upon Deputy Mauricio's off-duty status, arguing that dismissal was proper as a matter of law even if "every other fact is proven true," including that Defendant "knew [Deputy Mauricio] was a peace officer." *See Freeman v. Fairchild*, 2018-NMSC-023, ¶ 30, 416 P.3d 264 (explaining that the right for any reason doctrine only applies in circumstances where affirming a district court ruling on a new ground would not be unfair); and

**{8}** WHEREAS, the Court has chosen to exercise its discretion under Rule 12-405(B) NMRA to dispose of this case by nonprecedential order rather than by formal opinion;

**{9}** NOW, THEREFORE, IT IS ORDERED that the decision of the Court of Appeals is affirmed.

**{10} IT IS SO ORDERED.**

**C. SHANNON BACON, Chief Justice**

**MICHAEL E. VIGIL, Justice**

**DAVID K. THOMSON, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice**