This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ANITA R. CHARLEY and RITA CHARLEY,**
**individually and on behalf of all persons**
**similarly situated,**

Plaintiffs-Appellants,

v.                                                          NO. 28,876

**FRANKLIN CAPITAL CORPORATION,**
**a Utah corporation,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ted C. Baca, District Judge**

Offices of Feferman and Warren
Richard N. Feferman
Albuquerque, NM

Malakoff & Brady, P.C.
Michael P. Malakoff
Pittsburgh, PA

for Appellants

Allan L. Wainwright, P.A.
Allan L. Wainwright
Albuquerque, NM

Severson & Werson
Jan T. Chilton
John B. Sullivan
Mark D. Lonergan
San Francisco, CA

for Appellee

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Anita and Rita Charley (Plaintiffs), representatives in a class action lawsuit against Defendant, Franklin Capital Corporation (Franklin), appeal from the district court's decision granting summary judgment in favor of Franklin on Plaintiffs' claims of breach of contract, Unfair Practices Act (UPA), NMSA 1978, Sections 57-12-1 to -26 (1967, as amended through 2009) violations, and other claims.

## I.    BACKGROUND

Plaintiffs purchased motor vehicles from various New Mexico vehicle dealers and financed those purchases through uniform retail installment contracts (RICs). Franklin purchased Plaintiffs' RICs from the vehicle dealers.

The RICs required Plaintiffs to maintain vehicle insurance and specified that if Plaintiffs failed to comply with this condition, Franklin was permitted to purchase, or force place, "such" or "similar" insurance as that which Plaintiffs were obligated

to maintain under the RICs. The RICs provided that the cost of force-placed insurance would be borne by Plaintiffs and would be added to the principal due under the RICs.

Plaintiffs did not obtain insurance despite having received Insurance Reminder Notices (IRNs). Accordingly, Franklin force-placed "Lienholders Minimum Protection Insurance" (LMPI). The LMPI coverage extended for the life of the RICs.

Plaintiffs failed to make installment payments and defaulted on the RICs. Their vehicles were repossessed and sold at auction. Because the LMPI coverage extended through the life of the RICs and Plaintiffs' vehicles were repossessed and sold before the RICs terminated, Plaintiffs were entitled to refunds for unearned premiums. Franklin calculated those refunds using the Rule of 78s and deducted the refunds from the outstanding principal balances.

On October 4, 2000, Plaintiffs filed a complaint alleging breach of contract, violation of the UPA, and other claims not at issue in this appeal. Specifically, Plaintiffs claimed that Franklin breached the RICs by force placing LMPI and also by calculating the unearned premium refunds using the Rule of 78s. Plaintiffs alleged Franklin violated the UPA by misrepresenting the type of insurance that would be forced placed in the event that Plaintiffs failed to maintain insurance. In December 2007, Plaintiffs moved for summary judgment. Franklin filed a cross-motion for summary judgment in February 2008. In July 2008, the district court issued an order

granting Franklin's motion for summary judgment, denying Plaintiffs' motion for summary judgment, and dismissing Plaintiffs' case with prejudice.

## II.    DISCUSSION

## A.    Standard of Review

Plaintiffs appeal from the district court's order in favor of Franklin on the parties' cross-motions for summary judgment. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Weise v. Washington Tru Solutions, L.L.C.*, 2008-NMCA-121, ¶ 2, 144 N.M. 867, 192 P.3d 1244 (internal quotation marks and citation omitted). Plaintiffs assert that "Franklin has not satisfied its burden of demonstrating an absence of genuine issues of material fact." This position conflicts with the position taken by Plaintiffs in their opposition to Franklin's cross-motion for summary judgment wherein they stated that there are "few material factual disputes between the parties" and requested that summary judgment be entered in their favor. "[W]here the parties agree to have the trial court decide a case on cross-motions for summary judgment and where neither party claims that disputed facts exist, this Court will review the case as presented by the parties and decide it one way or the other." *Farmington Police Officers Ass'n v. City of Farmington*, 2006-NMCA-077, ¶ 33, 139 N.M. 750, 137 P.3d 1204 (Pickard, J., specially concurring in part and dissenting in

part).

Moreover, Plaintiffs do not point to any issues of fact that need to be decided by a fact finder. Rather, their arguments focus on the legal effect of the language in the RICs. We agree with Franklin and review Plaintiffs' claims de novo because their resolution turns on the interpretation of contractual and statutory language. *See Salas v. Mountain States Mut. Cas. Co.*, 2007-NMCA-161, ¶ 8, 143 N.M. 113, 173 P.3d 35 ("Our review in this case is de novo for two reasons: the parties have no dispute about the material facts, but they do dispute the legal effect of those facts; and in determining the legal effect of the undisputed material facts, we must interpret and give effect to the . . . contract."), *remanded*, 2009-NMSC-005, 145 N.M. 542, 202 P.3d 801.

**B.      Plaintiffs' Arguments**

Plaintiffs challenge the district court's order on three grounds. First, they claim that Franklin breached the RICs by force placing LMPI. Second, they assert that Franklin breached the RICs by utilizing the Rule of 78s to calculate the unearned premium refunds. Third, Plaintiffs argue that the district court erred in granting summary judgment in Franklin's favor as to their UPA claim because, according to Plaintiffs, Franklin violated the UPA by misrepresenting the type of insurance Franklin would force place in the event that Plaintiffs failed to maintain insurance.

We address each argument in turn.

**1.     Force-placed LMPI**

The RICs provide specific guidance as to the type of insurance Plaintiffs were obligated to maintain:

> Debtor agrees to keep the Property insured at its own expense against fire, theft, transportation, collision and such other risks as Seller or assignee shall designate; such insurance shall be for an amount not less than the balance due under this Contract and shall be in force so long as any part thereof remains unpaid; such insurance is to be placed in insurance companies acceptable to Seller or assignee and loss thereon is to be paid to Seller or assignee Debtor as their interests may appear. Debtor hereby requests and authorizes Seller or assignee at Seller's or assignee's option and without obligation to do so, to pay the premiums either for such insurance or similar insurance protecting Seller or assignee only, adding same to principal balance then owing or by an advance which constitutes additional indebtedness and is secured hereunder and payable in additional installments secured hereunder and payable in additional installments due on this Contract. The policies therefor shall be held by Seller or assignee until this Contract is fully performed.

In addition, the RICs required Plaintiffs "to keep the motor vehicle . . . insured for its full value against loss or damage and with a loss payable endorsement in our favor. YOU MAY OBTAIN YOUR REQUIRED INSURANCE FROM ANY COMPANY ACCEPTABLE TO US; HOWEVER, THE DEDUCTIBLE UNDER YOUR POLICY CANNOT EXCEED $500."

Citing this language, Plaintiffs argue that Franklin breached the RICs because Franklin was not authorized to force place LMPI as it is not "such" or "similar"

6

insurance as that which Plaintiffs were required to maintain under the RICs. Plaintiffs claim that LMPI differed from the type of insurance they were required to maintain on three grounds.

**a.       Specified perils versus comprehensive insurance**

According to Plaintiffs, the RICs only require that they maintain "specified perils insurance" and because LMPI is comprehensive coverage, it is not "such" or "similar" insurance as that which they were required to maintain under the RICs. Plaintiffs rely on the following language in the RICs to support their position that the RICs only require that they maintain specified perils insurance, i.e., that the debtor agrees to keep the property insured at its own expense against "fire, theft, transportation, collision." However, Plaintiffs fail to direct us to any authority discussing specified perils insurance and similarly fail to cite any authority to support their claim that this language refers to that type of insurance. *See ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (stating that this Court will not consider propositions that are unsupported by citation to authority).

Additionally, Plaintiffs' argument that this language only required them to maintain specified perils insurance ignores the reality that it was not possible for Plaintiffs to purchase specified perils insurance during all relevant times related to

7

these proceedings. It is undisputed that the only way Plaintiffs could have fulfilled their obligations to maintain insurance under the RICs was to purchase comprehensive insurance.

Plaintiffs argue that "the practical realities of satisfying a contractual obligation" should not influence the manner in which the contract is interpreted. Our law holds otherwise. *See Stock v. Grantham*, 1998-NMCA-081, ¶ 17, 125 N.M. 564, 964 P.2d 125 (refusing to adopt an interpretation of a contract where that interpretation "would require a party to perform an act that both parties must have known to be impossible at the time the contract was executed"); *see also Johnson v. Yates Petroleum Corp.*, 1999-NMCA-066, ¶ 21, 127 N.M. 355, 981 P.2d 288 ("[R]ules of contract construction prohibit an absurd interpretation of contract terms[.]"). Accordingly, we agree with the district court's legal conclusion that Franklin complied with its contractual obligations by purchasing the same type of insurance available for purchase by Plaintiffs.

Franklin contends that there is yet another ground upon which we may reject Plaintiffs' assertion that it was not authorized to force place comprehensive coverage. Franklin points out that the RICs required Plaintiffs to maintain insurance "against fire, theft, transportation, collision *and such other risks as Seller or assignee shall designate*." (Emphasis added.) According to Franklin, it designated through the IRNs

that Plaintiffs were required to furnish comprehensive coverage. We neither accept nor reject this contention. We concluded above that Franklin complied with the terms of the RICs by force placing comprehensive insurance and therefore we need not address whether or not Franklin specifically designated that Plaintiffs were required to maintain comprehensive insurance.

**b.      $500 versus $250 deductible**

Plaintiffs next argue that LMPI, which has a $250 deductible, is not "such" or "similar" insurance as that which they were obligated to maintain under the RICs because the RICs specified that Plaintiffs were only required to maintain insurance with a maximum deductible of $500. We disagree.

The RICs specified that Plaintiffs could purchase insurance from any insurance provider acceptable to Franklin provided that "THE DEDUCTIBLE UNDER YOUR POLICY CANNOT EXCEED $500." The import of this language is obvious: the RICs set a maximum deductible level which specified the minimum acceptable level of insurance Plaintiffs were obligated to maintain. The RICs are silent as to the minimum acceptable deductible or the maximum level of insurance Plaintiffs were permitted to maintain.

Plaintiffs interpret the fact that the RICs only set a maximum and not a minimum acceptable deductible level as a constraint on the form of insurance Franklin

9

was permitted to force place. Plaintiffs argue that Franklin could not force place insurance with a $250 deductible because Plaintiffs were not mandated to purchase this level of insurance. Plaintiffs misconstrue the authority granted to Franklin under the RICs.

The RICs permitted Franklin to force place "such" or "similar" insurance as that which Plaintiffs were obligated to maintain. Plaintiffs were obligated to maintain insurance with a maximum deductible of $500. Franklin force-placed insurance with a deductible of $250, an amount under the maximum deductible of $500 and therefore an acceptable amount of insurance under the RICs. Consequently, we reject Plaintiffs' contention that Franklin breached the RICs by force placing LMPI because the deductible under that policy was $250.

**c.     Multi-year versus annual policies**

Finally, Plaintiffs claim that LMPI is not "such" or "similar" insurance as that which they were obligated to maintain under the RICs because LMPI was a multi-year policy. Plaintiffs claim that individuals seeking to purchase insurance cannot purchase multi-year policies in New Mexico but may only purchase renewable annual insurance policies. Therefore, according to Plaintiffs LMPI is not "such" or "similar" insurance.

This claim appears to be based on an incorrect interpretation of the terms of the

10

RICs. The RICs specified that Plaintiffs were obligated to maintain insurance "so long as any part [of the balance due under the RICs] remains unpaid." The LMPI remained in force through the life of the RICs; exactly the period of time during which Plaintiffs were required to maintain insurance. Whether the insurance could be purchased only annually or for the life of the RIC is not the relevant measure. The RIC required that the insurance remain in force during the life of the RIC, and this is what the LMPI achieved. Accordingly, we reject Plaintiffs' contention that Franklin breached the RICs by force placing LMPI because it was a multi-year policy. We proceed to Plaintiffs' next argument.

## 2.      The Rule of 78s

Plaintiffs contend that the district court erred in granting summary judgment as to their claim that Franklin breached the RICs by using the Rule of 78s to calculate the unearned premium refunds. We provide additional facts related to this claim.

When Franklin purchased the LMPI policies, it paid for those policies in full. Franklin passed those costs along to Plaintiffs, charging them in full for placement of the LMPI. Those policies extended through the life of the RICs. Plaintiffs defaulted on their RICs before the financing period ended and their cars were repossessed and sold. Therefore, Franklin was entitled to a partial refund as to the portion of the multi-year LMPI policies that were no longer needed and Plaintiffs were, in turn, entitled

11

to refunds from Franklin for unearned premiums. Franklin computed Plaintiffs' refunds using the Rule of 78s and deducted the amount calculated under this method from the outstanding principal balances owed by each Plaintiff.

Plaintiffs argue that Franklin's decision to use the Rule of 78s to calculate the refunds allowed Franklin to retain a disproportionate portion of the unearned premiums. Plaintiffs further claim that Franklin should have used an alternative method of computation.

Plaintiffs concede that the RICs do not address how the refunds should have been calculated. Nonetheless, they claim that no provision of the RICs authorized Franklin to use the Rule of 78s, and at least one provision of the RICs expressly prohibits Franklin from imposing prepayment penalties. Neither of these arguments are persuasive.

We first address the fact that the RICs are silent as to the method for calculating unearned premiums. Plaintiffs cite *State v. Jade G.*, 2007-NMSC-010, ¶ 16, 141 N.M. 284, 154 P.3d 659, in support of their contention that Franklin could not utilize the Rule of 78s to calculate the unearned premiums because the RICs did not specifically allow for this method of calculation. In *Jade G.*, our Supreme Court discussed the "Children's Code Basic Rights provision," NMSA 1978, Section 32A-2-14 (2003). *Jade G.*, 2007-NMSC-010, ¶ 1. The Court compared statutory language regarding

exceptions for the admissibility of statements made by children. *Id.* ¶ 16.  In one section admissibility is allowed, but there is no mention of an exception in another section.  The Court presumed this omission was intentional.  In the case before us, we have a contract—not a statute.  If we were to accept Plaintiffs' argument, the section regarding a method of calculating the reimbursement would mean Plaintiffs could challenge any methodology.  While the analysis in *Jade G.* makes sense in light of the facts and statutory language in that case, we do not have the same analogy in the case before us.

As to prepayment language, we do not see that these provisions have any bearing on unearned insurance premiums or whether the Rule of 78s was an appropriate way to compute Plaintiffs' refunds.  Rather, these provisions preclude Franklin from imposing monetary penalties where Plaintiffs paid the RICs balances in full ahead of schedule.

Plaintiffs also cite the Motor Vehicle Sales Finance Act (MVSFA), NMSA Sections 58-19-1 through -14 (1959, as amended through 2001), and argue that two provisions therein prohibit Franklin from utilizing the Rule of 78s to compute the refunds.  Plaintiffs cite Section 58-19-9, which authorizes use of the Rule of 78s in computing refund credits where the buyer in a retail installment contract pays the debt under the contract in full and claim that because the MVSFA approves use of the Rule

of 78s in one context, the use of the Rule of 78s in any other context is disallowed. This argument is premised on an overstatement of the significance of legislative silence. *See City of Albuquerque v. N.M. Pub. Serv. Comm'n*, 115 N.M. 521, 529, 854 P.2d 348, 356 (1993) (stating that "courts should avoid giving positive legal effect to legislative silence").

Plaintiffs then cite Section 58-19-7(A)(1), which directs that a retail installment contract "shall be completed as to all essential provisions prior to its signing by the buyer" and argue that because Franklin failed to include terms allowing it to use the Rule of 78s to refund unearned premiums for force-placed insurance, it was precluded from utilizing this method. We reject this contention. Plaintiffs have failed to provide any guidance or authority as to whether the method of calculating unearned insurance premium refunds is, in fact, an essential term. *See ITT Educ. Servs., Inc.*, 1998-NMCA-078, ¶ 10 (stating that this Court will not consider propositions that are unsupported by citation to authority).

We conclude that the district court did not err in granting summary judgment in favor of Franklin as to Plaintiffs' claim that Franklin breached the RICs by using the Rule of 78s to calculate unearned premium refunds.

**C.     UPA Claims**

Finally, Plaintiffs contend that Franklin was not entitled to summary judgment

as to their claim that Franklin violated the UPA. The first of three elements Plaintiffs must satisfy to prove a violation of the UPA is that Franklin "made an oral or written statement, a visual description or a representation of any kind that was either false or misleading." *Lohman v. Daimler-Chrysler Corp.*, 2007-NMCA-100, ¶ 5, 142 N.M. 437, 166 P.3d 1091. Plaintiffs claim that Franklin misrepresented the fact that (1) they were required to buy comprehensive insurance rather than specified perils insurance; (2) they were required to purchase an insurance policy with a deductible of $250 rather than a $500 deductible; (3) Franklin could force place a multi-year insurance policy; and (4) refunds derived from unearned premiums associated with the force-placed insurance would be calculated using the Rule of 78s.

These alleged misrepresentations are the very arguments we addressed and rejected above. Franklin was authorized under the RICs to force place comprehensive, multi-year insurance with a $250 deductible and was authorized to calculate the unearned premium refunds using the Rule of 78s. Accordingly, we hold that Plaintiffs have failed to demonstrate that Franklin committed any misrepresentations, and we therefore reject Plaintiffs' claim that the district court erred in granting summary judgment in Franklin's favor as to Plaintiffs' UPA claim.

**III. CONCLUSION**

For the foregoing reasons, we affirm.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**ROBERT E. ROBLES, Judge**