This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40211

IN THE MATTER OF THE PETITION
FOR EXPUNGEMENT OF ARREST
AND PUBLIC RECORDS OF STEVEN
TRUITT,

STEVEN TRUITT,

      Petitioner-Appellant,

v.

NEW MEXICO DEPARTMENT OF
PUBLIC SAFETY,

      Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Court Judge**

Ben A. Ortega
Albuquerque, NM

for Appellant

Jason Greenlee, Legal Director
Santa Fe, NM

for Appellee

## DECISION

**HANISEE, Judge.**

**{1}** Petitioner Steven Truitt appeals the district court's order denying his petition for expungement, filed pursuant to NMSA 1978, Section 29-3A-1 to -9 (2019, as amended

through 2023)[1] (Expungement Act or the Act). Petitioner argues that the district court erred in concluding that his convictions were ineligible for expungement under the Act on the basis that his underlying conduct resulted in the death of a clerk at the grocery store that was robbed by Petitioner—the getaway driver—and various accomplices. *See* § 29-3A-5(G) ("The provisions of [the Act] do not apply to . . . an offense that caused great bodily harm or death to another person."). For the reasons that follow, we affirm.

**{2}** As an initial matter, in any appeal before this Court, "[i]t is the appellant's burden to demonstrate, by providing well-supported and clear arguments, that the district court has erred." *Premier Tr. of Nev., Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261. On December 3, 2021, the district court issued a well-reasoned, explanatory order denying Petitioner's request for expungement (the Order). Having carefully reviewed the Order, as well as the briefs of the parties and the record on appeal, we exercise our discretion to adopt the Order for substantially the same reasons as those set forth therein. *See* Rule 12-405(B) NMRA (providing that appellate courts may dispose of a case by nonprecedential order, decision, or memorandum opinion under certain circumstances). We briefly supplement the reasoning expressed by the district court in light of the issues raised on appeal.

**{3}** In 1997, Petitioner was convicted of the following offenses: one count of conspiracy to commit armed robbery, contrary to NMSA 1978, Sections 30-16-2 (1973) and 30-28-2 (1979); and two counts of tampering with evidence, contrary to NMSA 1978, Section 30-22-5 (1963, amended 2003). Petitioner argues that his convictions are eligible for expungement because his own criminal acts underlying them—driving a getaway vehicle to and from the scene of an armed robbery at which a person was murdered—did not "cause" death as prohibited by Section 29-3A-5(G). Petitioner asserts that his role in the crime was too attenuated from the murder to establish causation, the killing could still have occurred if Petitioner did not participate in the crime, and nothing in the record suggests Petitioner actually knew the killer was armed during the robbery. The district court rejected these same arguments, concluding first that the Legislature's use of the word "offense," rather than "conviction," in Section 29-3A-5(G) is indicative of its intent to allow courts to consider facts and circumstances beyond those narrowly supporting Petitioner's convictions. The district court secondarily noted that another section of the Act instructs courts to consider "the nature and gravity of the offense *or conduct* that resulted in the petitioner's conviction." Section 29-3A-5(E) (emphasis added). We agree with the district court that a plain reading of these two sections, combined with the Legislature's use of the word "conviction" elsewhere in the Act in different contexts, *see, e.g.*, § 29-3A-5(A) (using the word "conviction" four times in a single sentence), clearly directs a district court to consider the broader conduct underlying and surrounding a petitioner's specific convictions. *See State v. Notah*, 2022-NMCA-005, ¶ 31, 503 P.3d 418 ("When the language in a statute is clear and unambiguous, we give effect to that language and refrain from further statutory interpretation." (internal quotation marks and citation omitted)); *State v. Jade G.*, 2007-

---

[1]Certain sections of the Expungement Act were amended during the pendency of this case. *See* §§ 29-3A-8, -4. Because such amendments do not impact this appeal, we cite the most recent version of the statute herein.

NMSC-010, ¶ 28, 141 N.M. 284, 154 P.3d 659 ("[W]hen the Legislature includes a particular word in one portion of a statute and omits it from another portion of that statute, such omission is presumed to be intentional.").

**{4}** While we adopt the district court's Order for the above reasons, we also briefly explain that Petitioner's conviction of conspiracy to commit armed robbery is itself ineligible for expungement. By arguing that his involvement in the robbery was too attenuated from the actual killing to establish a causal relationship, Petitioner misconstrues the very nature of conspiracy. "As a general rule, one who participates in a criminal venture is treated by the law as if he or she had committed all of the criminal acts of the other participants." *State v. Catt*, 2019-NMCA-013, ¶ 21, 435 P.3d 1255 (internal quotation marks and citation omitted). "A conspirator is ordinarily responsible for the criminal acts of coconspirators in furtherance of the conspiracy." *Id.* (internal quotation marks and citation omitted); *see also*, *State v. McDonald*, 2004-NMSC-033, ¶ 14, 136 N.M. 417, 99 P.3d 667 ("Because [the d]efendant participated in armed robbery, he can be sentenced for the death that resulted from the robbery."). The nature of conspiracy is that it spans the panoply of criminal acts committed by coconspirators made in furtherance of the criminal agreement. In other words, by being convicted of conspiracy to commit armed robbery, Petitioner established the causal relationship between his acts and those made in furtherance of the goals of the conspiracy, which include in this case the murder of the store employee. For this reason, and those relied on by the district court, Petitioner's convictions are ineligible for expungement.

## CONCLUSION

**{5}** For the above reasons, we affirm.

**{6}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**